IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

SHAN LASHA GRIFFIN,

CASE NO.   3 : O8cv 92 - WKW

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC,

Defendants.

## NOTICE OF REMOVAL

Defendant Equifax Information Services LLC ("Equifax") files this Notice of Removal of this action from the Circuit Court of Chambers County, Alabama, wherein it is now pending as Case No. 12-CV-2008-900003.00, to the United States District Court for the Middle District of Alabama, Eastern Division.  This Notice of Removal is filed pursuant to 28 U.S.C. § 1441 and 1446.  In support hereof, Equifax states as follows:

1.    An action was filed on January 7, 2008, in the Circuit Court of Chambers County, Alabama, entitled *Shan Lasha Griffin v. Equifax Information Services LLC*, Civil Action No. 12-CV-2008-900003.00 (the "State Court Action").

2.    Equifax was served with the Complaint on January 9, 2008.

3.    This Notice is being filed with this Court within thirty (30) days after Equifax was served with a copy of Plaintiff's summons and complaint.  Accordingly, the removal of this action is timely under 28 U.S.C. § 1446(b).

4.    This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Constitution, laws or treaties of the United States; specifically 15 U.S.C. § 1681 *et seq.*, otherwise known as the Fair Credit Reporting Act ("FCRA"), as follows:

(a)    Plaintiff's Complaint, on its face, alleges a violation of the FCRA.  (See Plaintiff's Complaint).

(b)    The FCRA, pursuant to 15 U.S.C. § 1681(p), provides that any action alleging a violation of its provisions "may be brought in any appropriate United States district court without regard to the amount in controversy . . . ."

5.    A copy of this notice of removal is being served on counsel for plaintiff and is being filed with the Clerk of the Circuit Court of Chambers County, Alabama in accordance with 28 U.S.C. § 1446(d).

6.    A true and correct copy of all process and pleadings is filed herewith, as required by 28 U.S.C. § 1446(a).  *See* Exhibit A.  The necessary filing fee has been paid with this notice.

7.    Equifax reserves the right to amend or supplement this notice of removal as may be appropriate and necessary.

WHEREFORE, Equifax requests that the above-described action be removed to this Court.

This 7th day of February, 2008.

Respectfully submitted,

Kirkland E. Reid (REIDK9451)
Attorney for Equifax Information
Services, LLC

OF COUNSEL:

Miller, Hamilton, Snider & Odom
254 State Street
PO Box 46
Mobile, AL 36601
Tel:  (251) 432-1414
Fax: (251) 433-4106

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of February, 2008,  the foregoing was served by depositing same in the U.S. Mail, postpaid, properly addressed to the following:

David M. Cowan
Mann, Cowan & Potter, P.C.
2000-B SouthBridge Parkway, Suite 601
Birmingham, AL 35209

Mark H. Carlton
The Law Center, 9 LaFayette Street North
LaFayette, Alabama 36862

_____
Kirkland E. Reid



**AlaFile E-Notice**

12-CV-2008-900003.00

To:  EQUIFAX INFORMATION SERVICES, LLC
C/O CSC LAWYERS INC SERVI
150 SOUTH PERRY STREET
MONTGOMERY, AL 36104

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

**SHAN LASHA GRIFFIN v. EQUIFAX INFORMATION SERVICES, LLC**
**12-CV-2008-900003.00**

The following complaint was FILED on 1/7/2008 8:41:48 AM

Notice Date:      1/7/2008 8:41:48 AM

**CHARLES STORY**
**CIRCUIT COURT CLERK**
**CHAMBERS COUNTY, ALABAMA**
**2 LAFAYETTE STREET**
**LAFAYETTE, AL 36862**

**334-864-4348**
charles.story@alacourt.gov



| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>12-CV-2008-900003.00 |
|---|---|---|

**IN THE CIVIL COURT OF CHAMBERS, ALABAMA**
**SHAN LASHA GRIFFIN v. EQUIFAX INFORMATION SERVICES, LLC**

NOTICE TO    EQUIFAX INFORMATION SERVICES, LLC, C/O CSC LAWYERS INC SERVI 150 SOUTH PERRY STREET, MONTGOMERY AL, 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY DAVID COWAN

WHOSE ADDRESS IS 2000B SOUTHBRIDGE PARKWAY, SUITE 601, BIRMINGHAM AL, 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    SHAN LASHA GRIFFIN
    pursuant to the Alabama Rules of the Civil Procedure

| 1/7/2008 8:41:48 AM | /s CHARLES STORY | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s DAVID COWAN |
|---|---|
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ In _____ County, Alabama on _____

_____    _____
Date                  Server's Signature



ELECTRONICALLY FILED
1/17/2008 8:41 AM
CV-2008-900003.00
CIRCUIT COURT OF
CHAMBERS COUNTY, ALABAMA
CHARLES STORY, CLERK

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

SHAN LASHA GRIFFIN,                          )
                                             )
        Plaintiff,                           )
                                             )
v.                                           )        Civil Action No.: _____
                                             )
EQUIFAX INFORMATION SERVICES, LLC )
Defendant No.1, being the correct legal      )
designation of that entity otherwise known as )
Equifax Information Services, LLC; Defendants)
Nos. 2, 3, 4 and 5, being the correct legal  )
designation of that or those persons or entities )
 responsible for those acts of fraud, libel and )
defamation of character as are described in the )
body of this complaint, all of whose true and )
correct legal identities are unknown at this time )
but will be added by amendment when          )
ascertained,                                 )
                                             )
        Defendants.                          )

## COMPLAINT

1.    The Plaintiff Shan LaSha Griffin (hereinafter "Griffin"), is over the age of nineteen

(19) years and is a resident citizen of Chambers County, Alabama.  The Defendant Equifax

Information Services, LLC (hereinafter "Equifax"), is a corporate entity that actively conducts

business in Chambers County, Alabama.  All acts which form the basis of this complaint occurred

within Chambers County, Alabama and, further, occurred within two (2) years of the filing of this

lawsuit.  Griffin hereby disclaims and/or disavows any actual or potential claim or cause of action

premised on any federal law or statute.  All claims of Griffin as are stated herein are premised

entirely on Alabama state law.

2.    Fictitious Defendants are described as follows: Defendant No.1, being the correct

legal designation of that entity otherwise known as Equifax Information Services, LLC; Defendants

Nos. 2, 3, 4 and 5, being the correct legal designation of that or those persons or entities responsible for those acts of fraud, libel and defamation of character as are described in the body of this complaint, all of whose true and correct legal identities are unknown at this time but will be added by amendment when ascertained.

3.    On or about, to wit: January 22, 2007, Griffin contacted Equifax by mail for purposes of disputing information on her credit report. In said letter, Griffin specifically informed Equifax of the information within her credit report that was incorrect and/or false. In spite of having received this timely, valid and reasonable notification from Griffin as to the inaccuracies contained in her credit report, Equifax did continue to publish false information to various creditors and/or potential creditors. Also, Equifax did and continues to list credit inquiries on the Plaintiff's report that were not hers.

## COUNT I

4.    Griffin adopts and realleges all preceding paragraphs.

5.    Griffin avers that the above described conduct on the part of Defendant Equifax and Defendants Nos. 1 through 5 constitutes defamation of character.

6.    As a direct and proximate result of the above described conduct, Griffin has been injured and damaged as follows:

    a.    she has suffered out-of-pocket loss;

    b.    she has been caused to suffer mental anguish and frustration; and

    c.    she claims all damages to which she is entitled by law.

2

## COUNT II

_____7.    Griffin adopts and realleges all preceding paragraphs.

8.    Griffin avers that the above described conduct on the part of Defendant Equifax and Defendants Nos. 1 through 5 constitutes fraud.  More particularly, the Defendant Equifax and/or Defendants Nos. 1 through 5 did intentionally misrepresent Griffin's credit status when it continued to report incorrect information on Griffin's credit report.  Said representations were made by Defendant Equifax and Defendants Nos. 1 through 5 to creditors and/or potential creditors of Griffin with the intent that said entities rely upon the same.  Griffin has been damaged by said representations in spite of the fact that she has attempted to correct her credit report.

9.    As a direct and proximate result of the above described conduct, Griffin was injured and damaged as is set forth above.

## COUNT III

10.    Griffin adopts and realleges all preceding paragraphs.

11.    Griffin avers that the above described conduct on the part of Defendant Equifax and Defendants Nos. 1 through 5 constitutes libel.

12.    As a direct and proximate result of the above described conduct, Griffin was injured and damaged as is set forth above.

WHEREFORE, the Plaintiff demands judgment against the Defendants, separately and severally, for such sums of compensatory and punitive damages, not to exceed $74,000.00, as a jury may assess after a fair and accurate consideration of the facts of this cause.

3

S/ DAVID M. COWAN
David M. Cowan (COW002)
*Attorney for Plaintiff*
MANN, COWAN & POTTER, P.C.
2000-B SouthBridge Parkway, Suite 601
Birmingham, Alabama 35209
Telephone: (205) 879-9661
Facsimile: (205) 879-9663
E-Mail: david@mcplaw.com

S/ MARK H. CARLTON
Mark H. Carlton (CAR146)
*Attorney for Plaintiff*
The Law Center, 9 LaFayette Street North
LaFayette, Alabama 36862
Telephone: (334) 864-0508
Facsimile: (334) 864-2133
E-Mail: markcarlton@bellsouth.net

## JURY DEMAND

**Plaintiff hereby demands a trial by struck jury.**

**PLAINTIFF'S ADDRESS:**

**3225 County Road 8**
**Waverly, Alabama 36879**

**DEFENDANT'S ADDRESS:**

**Equifax Information Services, LLC**
**c/o CSC Lawyers Incorporating Services, Inc.**
**150 South Perry Street**
**Montgomery, AL 36104**

**PLEASE SERVE THE SUMMONS AND COMPLAINT, TOGETHER WITH ALL DISCOVERY, BY CERTIFIED MAIL.**

4

ELECTRONICALLY FILED
1/7/2008 8:41 AM
CV-2008-900003.00
CIRCUIT COURT OF
CHAMBERS COUNTY, ALABAMA
CHARLES STORY, CLERK

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | |
|---|---|
| SHAN LASHA GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No.: _____ |
| | ) |
| EQUIFAX INFORMATION SERVICES, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S INTERROGATORIES AND REQUEST
### FOR PRODUCTION TO DEFENDANT

COMES NOW the Plaintiff in the above-styled cause and pursuant to Rules 26, 33 and 34 of the ALABAMA RULES OF CIVIL PROCEDURE, request that each Defendant answer separately, in writing and under oath the following interrogatories propounded by Plaintiffs and to produce the following documents for inspection and copying by counsel for Plaintiffs:

#### Definitions

As used herein:

1.      "Defendant", "you" and/or "your" means each and every one of the named Defendants, respectively, or any agents, representatives, attorneys, and any other person or persons acting (or who acted) or purporting to act (or who purported to act) on the said Defendant's behalf.

2.      The word "person(s)" means individuals and entities, including, without limitation, sole proprietorships, firms, associations, companies, partnerships, joint ventures, corporations, trusts, estates and any other legal, business or governmental entity.

3.      "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the interrogatory or request inclusive rather than exclusive. The use of the words "include(s)" and "including" shall be construed to mean "without limitation."

4.     The word "document(s)" is used in its customary broad sense and includes all written,

typed, printed, recorded or graphic statements, communications or other matter, however produced

or reproduced, and whether or not now in existence, in the possession, custody or control of plaintiff,

including without limitation:

> All writings; studies; analyses; tabulations; evaluations; reports; reviews; agreements; contracts; communications; letters or other correspondence; messages; telegrams; telexes; FAX transmissions; cables; memoranda; records; notes, reports summaries, sound recordings or transcripts of personal or telephone conversations, meetings, conferences or interviews; telephone toll records; diaries; desk calendars; appointment books; forecasts; work papers; drawings; graphs; charts; maps; diagrams; blueprints; tables; indices; pictures; photographs; films; phonograph records; tapes; microfilm; microfiche; charges; ledgers; accounts; cost sheets; financial statements or reports; statistical or analytical records; minutes or records of board directors, committee or other meetings or conferences; reports of summaries or investigations; opinions or reports of consultants; appraisals; reports or summaries of negotiations; books; brochures; pamphlets; circulars; trade letters; press releases; newspaper and magazine clippings; stenographic, handwritten or any other notes; notebooks; projections; checks, front and back; check stubs or receipts; invoice vouchers; tape data sheets or data processing cards or discs or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced; and any other document, writing or data compilation of whatever description, including but not limited to any information contained in any computer although not yet printed out or the memory units containing such data from which information can be obtained or translated into reasonably usable form; and all drafts and non-identical copies of the foregoing.

5.     The word "identify" when used with respect to an individual means to state such

individual's: (a) full name, present or last known residence and business address(e's) and

telephone number(s); (b) present or last known employer(s), place of employment and job title, if

any; and (c) the nature (including job title, if any) and dates of any affiliation, by employment or

otherwise, with any party to this litigation.

6.     The word "identify" when used with respect to a person or entity other than an

individual means (a) to state its name; (b) to describe its nature (e.g., corporation, partnership, etc.);

2

and (c) to identify the person or persons employed by such entity with whom you have dealt concerning the subject matter of these interrogatories.

7.    The word "identify" when used with respect to a document or documents means (a) to specify the nature or type of the document (e.g., letter, memorandum, etc.); (b) to state the date, if any, appearing on the document, or if none, the date such document was prepared or received; (c) to describe in general the subject matter of the document with sufficient particularity as to enable such document to be precisely identified; (d) to identify each person who wrote, signed (or authorized the signature of) dictated or otherwise participated in the preparation of the document; (e) to identify any addresses thereof, and, if known, each person to whom the document was distributed; (f) to state the present physical location of the document; and (g) to identify each person having possession, custody or control of the document.

## Continuing Interrogatories
## and Request for Production

These interrogatories and requests for production are continuing in character as to require the filing of prompt supplementary and amended answers if further or different information or additional documents relevant to any of these interrogatories and requests for production are obtained prior to trial.

## Instructions

Defendant should answer each interrogatory separately and fully, unless it is objected to, in which event the reasons for the objections should be specifically and separately stated. The answers are to be signed by Defendant and the objections, if any, are to be signed by the attorney making them. Where a complete answer to a particular interrogatory is not possible, the interrogatory should

be answered to the extent possible and a statement should be made indicating why only a partial answer is given.

Answers to these interrogatories shall set forth each question in full before each answer. Separate answers shall be provided in response to each interrogatory, and, when an interrogatory has subdivisions, to each subdivision.

With respect to any interrogatory calling for the identification or listing of documents, unless otherwise indicated, you may, in lieu thereof, attach to your answers a copy of such documents segregated separately for each answer, with an identification of the interrogatory or interrogatories (or portion thereof) to which they are submitted as being responsive. In the event you elect to attach documents rather than identify them in response to any interrogatory, it is requested (a) that all documents attached be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled or otherwise arranged in that form and manner as they were found, and (b) that you identify the person or persons in whose custody or control such files are or were maintained.

If you object to furnishing any document on the basis of attorney-client privilege or any other basis, please identify the document by the date it bears, or if none, under the date it was written; by the name and address of it; by the name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed; by the name and address of each person who received a copy of the document; by description of the document, as for instance, a letter memorandum; by its present location or custodian; or if unknown, its last known location or custodian; and by the present location and custodian of each copy; or if unknown, its last known location or custodian.

4

If any requested documents or things cannot be produced in full, produce to the extent possible, specifying each reason for your inability to produce the remainder and stating whatever information, knowledge or belief you do have concerning the produced portion.

If any document requested was in defendant's possession or control, but is no longer in defendant's possession or subject to defendant's control, state what disposition was made of it, the reason for such disposition and the date thereof.

In producing documents and things pursuant to this request, furnish all documents or things known or available to you regardless of whether such documents or things are possessed directly by you or your agents, employees, representatives or investigators or by your attorneys, their agents, employees, representatives or investigators.

If any documents or things requested were at one time in existence but are no longer in existence, then so state, specifying for each document or thing:

a.    The type of document or thing;

b.    The types of information contained thereon;

c.    The date upon which it ceased to exist;

d.    The circumstances under which it ceased to exist;

e.    The identity of all persons having knowledge of the circumstances under which it ceased to exist; and

f.    The identity of all persons having knowledge or who had knowledge of the contents thereof.

You are requested to produce all original documents; and all other copies not absolutely identical to the originals.  In addition you are requested to produce all drafts and notes (whether

5

typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not.

## INTERROGATORIES

1.    Please state whether your name is correctly set forth as a Defendant in this case; if not, please state your correct name.

2.    Please identify, by giving the name, address, and last known telephone number, each and every person or witness known to you to have knowledge of any of the events, circumstances, issues and/or conditions set out in the Complaint.

3.    Please identify each and every person this Defendant contends or believes has information or knowledge that would allegedly support any factual and/or legal defense raised in the Answer, or that the Defendant intends to raise at the trial of this cause.

4.    With respect to any witnesses whom you will or may call as experts to give testimony at the trial of this matter, please state the following:

   1.    His/her name, address, and telephone number;

   2.    The name, address, and telephone number of his/her employer or the organization with which he/she is associated in any professional capacity;

   3.    The field in which he/she is to be offered as an expert;

   4.    A summary of his/her qualifications within the field in which he/she is expected to testify;

   5.    The substance of the facts to which he/she is expected to testify; and

   6.    The substance of the opinions to which he/she is expected to testify and a summary of the grounds for each opinion.

6

5.      Please give a full description of each and every document in your possession, or in the possession of your representatives or attorneys, which in any way relates to the incident made the basis of this lawsuit, including but not limited to, any and all statements of witnesses (whether oral, written, recorded, or reproduced by any mechanical means), photographs, video tapes, audio tapes, investigative reports, etc.

6.      Please give a full description of each and every document which you intend to introduce into evidence at the trial of this cause.

7.      List each and every defense known to you at this time that you presently intend to assert.

8.      State whether or not at the time of the occurrence complained of herein there was an insurance agreement or agreements in existence under which any person carrying on an insurance business may be liable to satisfy part of all of any judgment which may be entered in this action or to indemnify or reimburse any payments made by you to satisfy any such judgment. If so, please state the following with regard to each person or entity who entered into an insurance agreement with you:

   a.      the name and mailing address of the person or entity;

   b.      the applicable policy number(s);

   c.      the term(s) of the policy(s); and

   d.      the limits of liability afforded under the agreement(s).

9.      Please identify that person currently employed with this Defendant who is most knowledgeable or is as knowledgeable as any other with regard to the following topics:

a.     Any and all policies and procedures that address complaints by debtors of

inaccurate information being included on credit reports;

b.     Any and all communication by or between this Defendant and the Plaintiff;

c.     Any and all actions taken by this Defendant to correct inaccurate information

included on the Plaintiffs credit report.

## REQUEST FOR PRODUCTION

The "**documents**" covered by this request are as follows:

1.     Please produce a copy of any and all insurance agreements or policies (including the

declarations page) under which an insurance company might be liable to satisfy part or all of a

judgment which may be entered in the above mentioned cause.

2.     Please produce a copy of any and all signed or unsigned statements, accounts, or

reports made by any persons, including the Plaintiff, who claim to have any knowledge whatsoever

pertaining in any way to the events or conditions referred to in the Complaint.  (If you refuse to

produce copies of any of the requested documents based upon attorney/client privilege or work

product doctrine, for each please give the name and address of the custodian of said document, the

name and address of the person from whom the statement, account, or report was obtained, the name

and address of the person who obtained said statement, account, or report, and the nature and

specific subject matter of said statement, account, or report.)

3.     Please produce a copy of the list of witnesses or any other person who may be called

by the defense to testify at trial.

8

4.    Please produce a copy of any and all documents, records, writings, audio tapes, video tapes, films, graphs, charts or any other tangible material which may be offered as evidence at the trial of this case or which may be used in any way during the trial.

5.    Please produce a copy of any and all documents which define, describe or relate to the relationship by or between any and/or all of the Defendants herein, whether named or fictitious.

6.    Please produce a copy of any and all documents, manuals, guidelines, handbooks or other writings by whatever name which discuss or describe in any way any and all job responsibilities for any and all employees of this Defendant with regard to the handling of applying credit information to a person's credit report.

7.    Please produce a copy of a current *curriculum vitae* on each and every experts you intend to utilize as a witness at the trial of this cause and/or whom you contacted regarding this matter.

8.    Please produce a copy of any and all documents of any kind which have been received from the Plaintiff.

9.    Please produce a copy of any and all information which identifies the dates of birth, social security numbers and/or names of either Shan LaSha Griffin or Shannon Renae Griffin.

10.    Please produce a copy of any and all communication, attachment or inclusions therewith received from the Plaintiff.

11.    Please produce a copy of any and all documents which reflect any communication by or between this Defendant and any potential or actual creditor of the Plaintiff.

12.    Please produce a copy of any and all documents that involved the credit history of the Plaintiff.

9

13.     Please produce a copy of any and all documents that involve the credit history of Shan LaSha Griffin.

14.     Please produce a copy of any and all rules, regulations, manuals, guidelines, or other writings by whatever name which relate to, reference, or evidence actions to be taken by this Defendant and/or its employees when a debtor either questions, objects to or disputes information on a credit report. This request is intended to include such writings from 2004 forward.

15.     Please produce a copy of any and all credit reports on the Plaintiff which were issued at the time of any credit inquiry by any actual or potential creditor of the Plaintiff.

16.     Please produce a copy of a list, including case name, CV number and venue of any and all legal actions taken against this Defendant arising from any allegation that this Defendant wrongfully included incorrect credit information on a credit report.

17.     Please produce a copy of any and all documents that relate to, address or evidence any customer complaint procedures from 2004 forward that involve in any way any allegation that incorrect information was being reported on an individual such as the Plaintiff.

18.     Please produce a copy of any and all files by whatever name, whether currently in existence or capable of being reproduced from any computer, hard or software source, for the Plaintiff.

19.     Please produce a copy of any and all documents, writings, logs, computer entries, diaries any other source by whatever name which reflects, evidences or demonstrates any communication by or between the Plaintiff and this Defendant from 2004 forward.

20.     Please produce a copy of a current credit report for the Plaintiff.

10

21.    Please produce a copy of a credit report from the Plaintiff which would have demonstrated the credit history reflected by this Defendant on the day prior to suit being filed in this matter.

22.    Please produce a copy of any and all documents evidencing, relating to or demonstrating any communication by or between this Defendant its employees and any officer or employee of the Office of Attorney General for the State of Alabama relative to the Plaintiff.

<div style="margin-left:40%">

S/ DAVID M. COWAN
David M. Cowan (COW002)
*Attorney for Plaintiff*
MANN, COWAN & POTTER, P.C.
2000-B SouthBridge Parkway, Suite 601
Birmingham, Alabama 35209
Telephone: (205) 879-9661
Facsimile: (205) 879-9663
E-Mail: david@mcplaw.com


S/ MARK H. CARLTON
Mark H. Carlton (CAR146)
*Attorney for Plaintiff*
The Law Center, 9 LaFayette Street North
LaFayette, Alabama 36862
Telephone: (334) 864-0508
Facsimile: (334) 864-2133
E-Mail: markcarlton@bellsouth.net

</div>

**PLEASE SERVE THE SUMMONS AND COMPLAINT, TOGETHER WITH ALL DISCOVERY, BY CERTIFIED MAIL.**

11



**Charles W. Story**
**Circuit Clerk**
Chambers County Courthouse
LaFayette, AL 36862

1/9/08

DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602003817
Cashier ID: khaynes
Transaction Date: 02/08/2008
Payer Name: MILLER HAMILTON SNIDER ET AL
------------------------------------
CIVIL FILING FEE
 For: MILLER HAMILTON SNIDER ET AL
 Case/Party: D-ALM-3-08-CV-000092-001
 Amount:        $350.00
------------------------------------
CHECK
 Check/Money Order Num: 88855
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

SHAN LASHA GRIFFIN V. EQUIFAX
INFORMATION SERVICES, LLC