IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

SHAN LASHA GRIFFIN,

                                    CASE NO. 3:08-CV-92-WKW

        Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC,
et al.,

        Defendants.

**EQUIFAX INFORMATION SERVICES LLC'S  ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT**

Equifax Information Services LLC ("Equifax") hereby files its Answer and Defenses to Plaintiff's Complaint as follows:

1.      Equifax admits that it is a corporation doing business in the State of Alabama. Equifax denies that all of Plaintiff's claims are premised entirely on state law.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      Equifax, at this time, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint, but continues its investigation.

**COUNT I**

4.      In response to Paragraph 4 of Plaintiff's Complaint, Equifax restates and incorporates in responses to paragraphs 1 – 3 as though fully set forth herein.

5.      Equifax denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Equifax denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

## COUNT II

7. In response to Paragraph 7 of Plaintiff's Complaint, Equifax restates and incorporates in responses to paragraphs 1 – 6 as though fully set forth herein.

8. Equifax denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Equifax denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

## COUNT III

10. In response to Paragraph 10 of Plaintiff's Complaint, Equifax restates and incorporates in responses to paragraphs 1 – 9 as though fully set forth herein.

11. Equifax denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Equifax denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

Equifax denies that Plaintiff is entitled to any of the relief set forth in Plaintiff's Complaint.

Equifax admits that Plaintiff demands a trial by jury.

Any allegation of the Complaint not expressly admitted is denied.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with the Plaintiff, Equifax pleads the following defenses to Plaintiff's Complaint:

## FIRST DEFENSE

Equifax asserts that Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

**THIRD DEFENSE**

Equifax Information Services LLC maintained reasonable procedures to assure maximum possible accuracy in its credit reports.

**FOURTH DEFENSE**

Equifax has complied with the provisions of the Fair Credit Reporting Act in its handling of Plaintiff's credit file, and is entitled to each and every defense afforded to it by that statute.

**FIFTH DEFENSE**

Equifax asserts that some or all of Plaintiff's claims may be pre-empted by section 1681h(e) of the Fair Credit Reporting Act.

**SIXTH DEFENSE**

Equifax has acted in good faith and without malice or intent to injure Plaintiff.

**SEVENTH DEFENSE**

Plaintiff has not alleged any injury in fact.

**EIGHTH DEFENSE**

Plaintiff has not suffered any damages.

**NINTH DEFENSE**

Plaintiff's damages, if any, are caused by her own acts or omissions, or the acts or omissions of third parties other than Equifax.

**TENTH DEFENSE**

Plaintiff's claim for punitive damages is barred by the provisions of 15 U.S.C. §1681n.

## ELEVENTH DEFENSE

Plaintiff's Complaint seeks the imposition of punitive damages. Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: BMW v. Gore, 517 U.S. 559 (1996); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 923 (2001) and State Farm v. Campbell, 538 U.S. 408 (2003).

## TWELFTH DEFENSE

Plaintiff has failed to mitigate her damages.

## THIRTEENTH DEFENSE

Equifax reserves the right to plead additional defenses that it learns of through the course of discovery.

## FOURTEENTH DEFENSE

Equifax asserts that some or all of Plaintiff's claims are barred by qualified immunity.

## FIFTEENTH DEFENSE

Equifax asserts that some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

WHEREFORE, having fully answered Plaintiff's Complaint, Equifax prays for judgment as follows: (1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with costs taxed against Plaintiff; (2) that Equifax be dismissed as a party to this action; (3) that Equifax recover from Plaintiff its expenses of litigation, including attorneys' fees; and (4) that Equifax recover such other and additional relief as the Court deems proper.

Respectfully submitted,

s/Kirkland E. Reid
Kirkland E. Reid (REIDK9451)
Attorney for Equifax Information
    Services, LLC


OF COUNSEL:

Miller, Hamilton, Snider & Odom, LLC
254 State Street
PO Box 46
Mobile, AL 36601
Tel: (251) 432-1414
Fax: (251) 433-4106
E-Mail: KirkReid@mhsoLaw.com


## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of February, 2008, the foregoing pleading was electronically filed with the Clerk of the Court using the CM/ECF System which will automatically send notification of such filing to the following:

David M. Cowan
Mann, Cowan & Potter, P.C.
2000-B SouthBridge Parkway, Suite 601
Birmingham, AL 35209

Mark H. Carlton
The Law Center, 9 LaFayette Street North
LaFayette, Alabama 36862


s/Kirkland E. Reid
Kirkland E. Reid