IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SHAN LASHA GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 3:08-cv-92-WKW |
| | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO REMAND

COMES NOW the Plaintiff, Shan LaSha Griffin ("Griffin") in the above-styled cause, who hereby moves this Court for an order remanding this cause to the Circuit Court of Chambers County, Alabama.  Further, Griffin hereby requests that the Defendant Equifax Information Services, LLC ("Equifax") be ordered to pay all costs, fees and expenses associated with seeking a remand of this case.  In support of this motion, Griffin states as follows:

1.     The Complaint filed by Griffin makes no claim under the Fair Credit Reporting Act ("FCRA").  In fact, Griffin specifically states in her Complaint that "all claims of Griffin as are stated herein are premised entirely on Alabama state law."  (Complaint para. 1).  Thereafter, in Counts I, II and III, Griffin maintained state law causes of action including defamation of character, intentional fraud and libel as is her right under 15 U.S.C. § 1681(p).  The assertion by Equifax that Griffin has alleged a violation of the FCRA is completely without merit and borders, if not crosses, the line of being frivolous.

2.     It does not appear that Equifax is contending that the FCRA preempts all state law claims.  Instead, the sole basis of removal appears to be that, according to Equifax in a distorted

reading of the Complaint, Griffin is making FCRA claims. So that there can be no further dispute on this issue, Griffins states, with specificity, that she is not, nor will she, make any claims under the FCRA. Those claims were specifically excluded in the body of her Complaint, and Griffin has chosen instead to allege only state law claims under Alabama state law.

3.    This issue has previously been addressed in the case of *Watkins v. Trans Union, LLC*, 118 F. Supp 2d 1217 (N.D. Ala. 2000). In that case, the district court held that complete preemption does not apply when a well- pleaded state court complaint makes no effort to invoke the Fair Credit Reporting Act, even though the allegations might have supported such a cause of action. In other words, under 15 U.S.C. § 1681(p), a plaintiff is entitled to pursue state law causes of action as are set forth in that provision of the FCRA.

4.    In addition to the *Watkins* decision, Griffin relies upon the order of Judg Brevard Hand as set forth in *Ruffin v. Dell Financial Services, LP,* Civil Action No. 04-0518-BH-M. (Exhibit "A"). In that case, Judge Hand followed the *Watkins* opinion in holding that 15 U.S.C. § 1681 lacks "the extraordinary power to convert ordinary state law complaints into federal claims when the plaintiff does not seek the protection of the FCRA . . . . Since plaintiff's claims are not completely preempted by the FCRA, they will remain as solely state law claims." Accordingly, it matters not  that a plaintiff's allegations might support an FCRA claim. Instead, what matters are the actual allegations made by the plaintiff and, in this case, Griffin clearly and specifically alleged causes of action grounded solely in Alabama state law. There is no reasonable or rational basis for Equifax to even argue, much less conclude, that Griffin made allegations under the FCRA.

5.    In addition to the above, Griffin limited her damages to less than the jurisdictional limit of this Court. Said limitation was made in good faith and in full compliance with Alabama Rule of

Civil Procedure 11.  To that end, Griffin attaches hereto as exhibit "B," correspondence from Griffin to counsel for Equifax expressing an <u>initial</u> settlement demand that is well less than the jurisdictional limit of this Court.

WHEREFORE, PREMISES CONSIDERED, Shan LaSha Griffin respectfully requests a remand of this action.  Further, the Plaintiff respectfully requests an assessment of costs in seeking remand of this improvident removal.

<div style="margin-left:40%">

s/ David M. Cowan
ASB-4957-W85D
*Attorney for Plaintiff, Shan LaSha Griffin*
**MANN, COWAN & POTTER, P.C.**
2000-B SouthBridge Parkway, Suite 601
Birmingham, Alabama 35209
Telephone: (205) 879-9661
Facsimile: (205) 879-9663
E-mail: David@mcplaw.com

</div>

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have on this the <u>5th</u> day of <u>March</u>, <u>2008</u>, electronically filed the above and  foregoing with the Clerk of the Court by using the CM/ECF system which will electronically send notification of such filing to the following:

Kirkland E. Reid, Esq.
Miller, Hamilton, Snider & Odom
254 State Street
Post Office Box 46
Mobile, Alabama 36601

Mark H. Carlton, Esq.
The Law Center
9 LaFayette Street North
LaFayette, Alabama 36862

<div style="margin-left:40%">

s/ David M. Cowan
OF COUNSEL

</div>

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARGARET RUFFIN                    )
                                   )
        Plaintiff                  )
                                   )
v.                                 )        Civil Action No.: 04-0518-BH-M
                                   )
DELL FINANCIAL SERVICES, LP.,      )
et al.,                            )
                                   )
        Defendant(s)               )

## ORDER

This matter is before the Court on Plaintiff's motion (Doc. 5) to remand, Defendant's response (Doc. 8), and Plaintiff's reply (Doc. 9) to Defendant's response. Upon consideration of all the relevant facts and applicable law, Plaintiff's motion (Doc. 5) to remand is **due to be GRANTED**.

## Federal Jurisdiction

Under the facts of this case, this court would only have jurisdiction if Plaintiff's claim arose under federal law or if the parties had diverse citizenship and the amount in controversy exceeded the sum or value of $75,000.00. 28 U.S.C. §§ 1331, 1332 (2004).

### Federal Question Jurisdiction

Defendant, in its notice (Doc. 1) of removal and response (Doc. 8) to Plaintiff's motion to remand, claims that the dispute involves predominant issues of federal law, most significantly the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681. Defendant argues the Plaintiff's state law claims are entirely



preempted by the FCRA and that the FCRA is the exclusive remedy for the type of action brought by the Plaintiff.

In support of its argument, Defendant cites *Riley v. General Motors Acceptance Corp.*, 226 F.Supp.2d 1316 (S.D. Ala. 2002) as proposing that the FCRA is the exclusive remedy for private causes of action against furnishers of credit information, therefore, preempting all of Plaintiff's state law claims for negligence, wantonness, misrepresentation, and fraud. Defendant's use of *Riley*, however, is misapplied in that there is a critical distinction between *Riley* and the instant cause of action. In *Riley*, the question before the court was: "whether §1681t(b)(1)(F) preempts the plaintiff's state law claims in an *FCRA suit filed in federal court that also alleges state law causes of action*." 226 F.Supp.2d at 1321 (emphasis added). In the instant case, Plaintiff did not file, or want to file, this suit in federal court, nor did she ever claim any cause of action under the FCRA. The *Riley* court notes the significance of this distinction, and points to *Watkins v. Trans Union, L.L.C.*, 118 F.Supp.2d 1217 (N.D. Ala. 2000) as having dealt with the issue. *Id.* at 1321 n.4.    In *Watkins*, the district court held that complete preemption does not apply when a well-pleaded state court complaint does not invoke the FCRA, even though the allegations could have supported such a cause of action. 118 F.Supp.2d at 1218-1219. The *Watkins* court found, as this Court does today, that the FCRA's preemptions in §1681t lack the extraordinary power to convert ordinary state law complaints into federal claims when the Plaintiff does not seek the protection of the FCRA. *Id.* at 1222. Since Plaintiff's claims are not completely preempted by the FCRA, they will remain as solely state law claims.

### Amount in Controversy/Diversity of Citizenship

Defendant, in its notice (Doc. 1) of removal and response (Doc. 8) to Plaintiff's motion to remand, also claims that federal jurisdiction is proper because of diversity of citizenship and amount in controversy

pursuant to 28 U.S.C. §1332.

Plaintiff Margaret Ruffin is a resident of Alabama and Defendant Dell Financial is a Delaware limited partnership with its principle place of business in Texas, therefore, the parties are diverse. However, this case does not meet the requisite amount in controversy requirement of $75,000.00.

Plaintiff states in the *ad damnum* clause of her complaint that she only seeks judgment of $70,000.00. Furthermore, Plaintiff has also signed an affidavit, attached to her reply (Doc. 9) to Defendant's response to motion for remand, stating she *will never demand or accept more than $74,999.00* either for *settlement or judgment* nor will Defendant have to pay, under any circumstance, more than that amount to end the case.

The 11th Circuit has stated, "a plaintiff is the master of his or her own claim [and]... defendant's right to remove and plaintiff's right to choose are not on the same footing." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "Plaintiff's claim, when it is specific and in a pleading signed by a lawyer, deserves deference and a presumption of truth." *Id.* If a defendant wishes to challenge the amount claimed, then they bear the burden of proving beyond a *legal certainty* that the plaintiff will recover more than the jurisdictional amount. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-1357 (11th Cir. 1996); *Burns*, 31 F.3d at 1094.

Defendant, however, notes that the legal certainty burden does not apply in this case because plaintiff's *ad damnum* clause only relates to the second of their two claims, leaving the first claim unspecified as to damages. The Court disagrees with this assertion. It is clear, both from the complaint and Plaintiff's reply brief (Doc. 9), that the *ad damnum* clause seeking only $70,000.00 in recovery applies to *both* claims *one and two*. Since the complaint does clearly specify the damages Plaintiff seeks, the legal certainty burden remains on Defendant. *See Tapscott*, 77 F.3d at 1356-1357.

"Adopting this standard does not mean that a removing defendant can never prevail. A defendant could remain in federal court if he showed that, if plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000]." *Burns*, 31 F.3d at 1096. Defendant's attempt to prove this burden rests predominantly on their argument that Plaintiff's claims should be preempted by the FCRA, thus making mental anguish damages available. However, as already discussed, this Court finds that the state law claims are not preempted by the FCRA. The Court finds that Defendant has failed to prove beyond a legal certainty that Plaintiff's claim for $70,000.00 is outside the range of permissible awards.

Following *Burns*, this Court adheres to the deference and presumption awarded to the Plaintiff's *ad damnum* clause as the true amount she seeks in recovery. Furthermore, Plaintiff has signed an affidavit asserting that she will not demand or accept any recovery exceeding the jurisdictional amount for this case. The Court has relied on these documents heavily in its finding today and takes them very seriously. If Plaintiff, or counsel, attempts to perpetrate a fraud upon this court by seeking more than $74,999.00 in recovery for the claims at issue here, in Circuit Court of Choctaw, Alabama, or any other circuit court, this order to remand will be **VOID** and sanctions will follow.[1]

---

[1] The duty of candor goes beyond the moral duty imposed on counsel by ethical codes or good conscience. Under Alabama Rule of Civil Procedure 11, counsel must sign each pleading, motion or other document he submits to the court. His signature is a "certificate by him that he has read the [submission]; [and] that to the best of his knowledge, information and belief, there is good ground to support it ...". The rule also states that "[f]or a wilful violation of this rule an attorney may be subjected to appropriate disciplinary action." Ala.R.Civ.P. 11. *Burns*, 31 F.3d at 1095 n.5.

**CONCLUSION**

Based on the above facts, the Court finds that it does not have subject matter jurisdiction over the case at hand. The plaintiff neither raises a federal question nor seeks an amount in controversy exceeding the jurisdictional minimum. Therefore, Plaintiff's motion (Doc. 5) to remand this case to the Circuit Court of Choctaw, Alabama is **due to be and hereby GRANTED**.

**So ORDERED** this 27th day of September, 2004.


_____
        s/ W.B. Hand
SENIOR DISTRICT JUDGE

# MANN, COWAN & POTTER, P. C.

**ATTORNEYS AT LAW**

2000B SOUTHBRIDGE PARKWAY

SUITE 601

BIRMINGHAM, ALABAMA 35209

TELEPHONE 205-879-9661

FACSIMILE 205-879-9663

Writer's Direct E-mail:

David@mcplaw.com

TED L. MANN
DAVID M. COWAN
ROBERT POTTER

February 15, 2008

Kirkland E. Reid, Esq.
Miller, Hamilton, Snider & Odom
254 State Street
Post Office Box 46
Mobile, Alabama 36601

    Re: *Shan LaSha Griffin v. Equifax Information Services, LLC*

Dear Mr. Reid:

    The Plaintiff hereby makes an <u>initial</u> settlement demand of $60,000.00. Please advise your client that we would fully expect to resolve the case at some figure below this amount and would be willing to negotiate such a settlement.

        With kindest regards,

        MANN, COWAN & POTTER, P.C.

        David M. Cowan

DMC/kmw

EXHIBIT
B