IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARGARET RUFFIN )
)
    Plaintiff )
)
v. ) Civil Action No.: 04-0518-BH-M
)
DELL FINANCIAL SERVICES, LP., )
et al., )
)
    Defendant(s) )

## ORDER

This matter is before the Court on Plaintiff's motion (Doc. 5) to remand, Defendant's response (Doc. 8), and Plaintiff's reply (Doc. 9) to Defendant's response. Upon consideration of all the relevant facts and applicable law, Plaintiff's motion (Doc. 5) to remand is **due to be GRANTED**.

**Federal Jurisdiction**

Under the facts of this case, this court would only have jurisdiction if Plaintiff's claim arose under federal law or if the parties had diverse citizenship and the amount in controversy exceeded the sum or value of $75,000.00. 28 U.S.C. §§ 1331, 1332 (2004).

**Federal Question Jurisdiction**

Defendant, in its notice (Doc. 1) of removal and response (Doc. 8) to Plaintiff's motion to remand, claims that the dispute involves predominant issues of federal law, most significantly the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681. Defendant argues the Plaintiff's state law claims are entirely



preempted by the FCRA and that the FCRA is the exclusive remedy for the type of action brought by the Plaintiff.

In support of its argument, Defendant cites *Riley v. General Motors Acceptance Corp.*, 226 F.Supp.2d 1316 (S.D. Ala. 2002) as proposing that the FCRA is the exclusive remedy for private causes of action against furnishers of credit information, therefore, preempting all of Plaintiff's state law claims for negligence, wantonness, misrepresentation, and fraud. Defendant's use of *Riley*, however, is misapplied in that there is a critical distinction between *Riley* and the instant cause of action. In *Riley*, the question before the court was: "whether §1681t(b)(1)(F) preempts the plaintiff's state law claims in an *FCRA suit filed in federal court that also alleges state law causes of action*." 226 F.Supp.2d at 1321 (emphasis added). In the instant case, Plaintiff did not file, or want to file, this suit in federal court, nor did she ever claim any cause of action under the FCRA. The *Riley* court notes the significance of this distinction, and points to *Watkins v. Trans Union, L.L.C.*, 118 F.Supp.2d 1217 (N.D. Ala. 2000) as having dealt with the issue. *Id.* at 1321 n.4. In *Watkins*, the district court held that complete preemption does not apply when a well-pleaded state court complaint does not invoke the FCRA, even though the allegations could have supported such a cause of action. 118 F.Supp.2d at 1218-1219. The *Watkins* court found, as this Court does today, that the FCRA's preemptions in §1681t lack the extraordinary power to convert ordinary state law complaints into federal claims when the Plaintiff does not seek the protection of the FCRA. *Id.* at 1222. Since Plaintiff's claims are not completely preempted by the FCRA, they will remain as solely state law claims.

**Amount in Controversy/Diversity of Citizenship**

Defendant, in its notice (Doc. 1) of removal and response (Doc. 8) to Plaintiff's motion to remand, also claims that federal jurisdiction is proper because of diversity of citizenship and amount in controversy

pursuant to 28 U.S.C. §1332.

Plaintiff Margaret Ruffin is a resident of Alabama and Defendant Dell Financial is a Delaware limited partnership with its principle place of business in Texas, therefore, the parties are diverse. However, this case does not meet the requisite amount in controversy requirement of $75,000.00.

Plaintiff states in the *ad damnum* clause of her complaint that she only seeks judgment of $70,000.00. Furthermore, Plaintiff has also signed an affidavit, attached to her reply (Doc. 9) to Defendant's response to motion for remand, stating she *will never demand or accept more than $74,999.00* either for *settlement or judgment* nor will Defendant have to pay, under any circumstance, more than that amount to end the case.

The 11th Circuit has stated, "a plaintiff is the master of his or her own claim [and]... defendant's right to remove and plaintiff's right to choose are not on the same footing." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "Plaintiff's claim, when it is specific and in a pleading signed by a lawyer, deserves deference and a presumption of truth." *Id.* If a defendant wishes to challenge the amount claimed, then they bear the burden of proving beyond a *legal certainty* that the plaintiff will recover more than the jurisdictional amount. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-1357 (11th Cir. 1996); *Burns*, 31 F.3d at 1094.

Defendant, however, notes that the legal certainty burden does not apply in this case because plaintiff's *ad damnum* clause only relates to the second of their two claims, leaving the first claim unspecified as to damages. The Court disagrees with this assertion. It is clear, both from the complaint and Plaintiff's reply brief (Doc. 9), that the *ad damnum* clause seeking only $70,000.00 in recovery applies to *both* claims *one and two*. Since the complaint does clearly specify the damages Plaintiff seeks, the legal certainty burden remains on Defendant. *See Tapscott*, 77 F.3d at 1356-1357.

"Adopting this standard does not mean that a removing defendant can never prevail. A defendant could remain in federal court if he showed that, if plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000]." *Burns*, 31 F.3d at 1096. Defendant's attempt to prove this burden rests predominantly on their argument that Plaintiff's claims should be preempted by the FCRA, thus making mental anguish damages available. However, as already discussed, this Court finds that the state law claims are not preempted by the FCRA. The Court finds that Defendant has failed to prove beyond a legal certainty that Plaintiff's claim for $70,000.00 is outside the range of permissible awards.

Following *Burns*, this Court adheres to the deference and presumption awarded to the Plaintiff's *ad damnum* clause as the true amount she seeks in recovery. Furthermore, Plaintiff has signed an affidavit asserting that she will not demand or accept any recovery exceeding the jurisdictional amount for this case. The Court has relied on these documents heavily in its finding today and takes them very seriously. If Plaintiff, or counsel, attempts to perpetrate a fraud upon this court by seeking more than $74,999.00 in recovery for the claims at issue here, in Circuit Court of Choctaw, Alabama, or any other circuit court, this order to remand will be **VOID** and sanctions will follow.[1]

---

[1] The duty of candor goes beyond the moral duty imposed on counsel by ethical codes or good conscience. Under Alabama Rule of Civil Procedure 11, counsel must sign each pleading, motion or other document he submits to the court. His signature is a "certificate by him that he has read the [submission]; [and] that to the best of his knowledge, information and belief, there is good ground to support it ...". The rule also states that "[f]or a wilful violation of this rule an attorney may be subjected to appropriate disciplinary action." Ala.R.Civ.P. 11. *Burns*, 31 F.3d at 1095 n.5.

## CONCLUSION

Based on the above facts, the Court finds that it does not have subject matter jurisdiction over the case at hand. The plaintiff neither raises a federal question nor seeks an amount in controversy exceeding the jurisdictional minimum. Therefore, Plaintiff's motion (Doc. 5) to remand this case to the Circuit Court of Choctaw, Alabama is **due to be and hereby GRANTED**.

**So ORDERED** this 27th day of September, 2004.

s/ W.B. Hand
SENIOR DISTRICT JUDGE
